IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES A. DUNN,

    Plaintiff,

vs.                                                      No. CIV 97-0728 JC/JHG

THE CITY OF ALBUQUERQUE, JOSEPH M.
POLISAR, CAROL JENKINS, RALPH "SKIP"
BROWN, and JOHN/JANE DOES 1 THROUGH 6,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment Substantive and Procedural Due Process, § 1983 Negligence, State Torts of Negligence and Outrage, and Punitive Damage claims, filed April 7, 1998. (Doc. No. 12). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken in part and will be granted in part.

### Background

This case arises from the alleged injuries Plaintiff suffered when a "fugitive violent career criminal," Dallas Moore ("Moore"), escaped from the Albuquerque Police Department's custody, broke into Plaintiff's home and held him hostage "upon threat of violent harm" for about two hours. Defendants move to dismiss the Fourteenth Amendment substantive and procedural due process, § 1983 negligence, state torts of negligence and outrage, and punitive damage claims pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue Plaintiff fails to state a claim against them because i) there

is no § 1983 duty to protect a private person from injury by a third party who is not a state actor if the injury did not result from the victim's having been officially restrained by the state; ii) there is no Fourteenth Amendment procedural due process claim because the state provides adequate post-deprivation remedy; iii) due process is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property; iv) the New Mexico Tort Claims Act ("NMTCA"), NMSA § 41-4-1, et seq., does not waive the city's immunity from liability for Plaintiff's simple negligence and outrage causes of action; and, v) punitive damages are not allowed under the NMTCA.

## Analysis

### Standard of Review

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### Section 1983 Liability for Substantive and Procedural Due Process Violations

Government actors generally are liable under the due process clause for their own actions and not for the violent actions of third parties. Uhlrig v. Harder, 64 F.3d 567, 572 (10th Cir. 1995). However, the Tenth Circuit has recognized two exceptions to this general rule known as i) the special relationship doctrine, and ii) the danger creation theory. Id. A special relationship exists when the state imposes limitations upon an individual to act on his or her behalf--through incarceration,

institutionalization, or other similar restraint of personal liberty.  <u>DeShaney v. Winnebago County Dep't of Social Serv.</u>, 489 U.S. 189 (1989).  Pursuant to the danger creation theory, the government may be liable for an individual's safety "if it created the danger that harmed the individual . . ."  <u>See Medina v. City and County of Denver</u>, 960 F.2d 1493, 1495-99 (10th Cir. 1992).

      Defendants assert their actions do not fall within either exception to the general rule and thus, there is no violation of Plaintiff's Fourteenth Amendment due process rights.  Defendants argue i) there is no "special relationship" because Defendants did not involuntarily confine Plaintiff; and ii) Defendants did not otherwise force Plaintiff into the situation which ultimately harmed him. Plaintiff argues, however, that Defendants created the danger that ultimately damaged him and therefore, § 1983 is implicated, even without a "special relationship" based on confinement.

      Here, there clearly is no special relationship based on confinement.  The issue is whether Plaintiff has plead any set of facts which would entitle him to § 1983 relief based on the "danger creation" theory.  In order for the government to be liable under § 1983 for creating a special danger, Plaintiff's claim must be "predicated on reckless or intentionally injury-causing state action which 'shocks the conscience.'"  <u>Uhlrig</u>, 64 F.3d at 572.  Specifically, for Plaintiff to survive dismissal he must allege that (1) he is a member of a limited and specifically definable group; (2) Defendants' conduct put him and the other members of that group in substantial risk of serious, immediate and proximate harm; (3) the risk was obvious or known to Defendants; (4) Defendants acted recklessly in conscious disregard of that risk; and (5) Defendants' conduct, when viewed in total, is conscience shocking.  <u>See id.</u> at 574.

> [T]o satisfy the 'shock the conscience' standard, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.  That is, the plaintiff must demonstrate a

-3-

      degree of outrageousness and a magnitude of potential or actual harm that is truly conscience-shocking.

Id.

I find, as a matter of law, that Defendants' conduct in this matter was not sufficient to meet the "shock the conscience" standard. Plaintiff alleges that i) Defendants knew or should have known that Dallas Moore was a known dangerous escapee and fugitive violent career criminal; ii) an escape from the same facility under similar circumstances put them on notice that Moore could escape if not adequately supervised; iii) Defendants left Moore unsupervised in derogation of department policy; and iv) Defendants dismissed Moore's warnings of impending escape when he showed them the hole in the ceiling hole he had been enlarging. The evidence provided, however, does not demonstrate that Defendants had actual knowledge that Moore would escape and cause injury to a nearby resident. I find that, although Defendants may have been negligent, and perhaps even reckless, in their supervision of a known violent criminal in their custody, it does not "shock the conscience" that Defendants failed to prevent Moore's escape.

The Supreme Court has specifically stated that a substantive due process violation requires more than an ordinary tort and that merely allowing unreasonable risks to persist is not necessarily conscience shocking. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 128 (1992). I find that Defendants' actions did not rise to the level of a due process violation. Therefore, I will grant Defendants' motion to dismiss on Plaintiff's § 1983 claim. Furthermore, I will not address any procedural due process argument or § 1983 claim based on negligence because Plaintiff does not make such claims.

**Pendent State Claims Pursuant
to New Mexico Tort Claims Act**

Pursuant to 28 U.S.C. § 1367(c)(1), (2) and (3), I will not exercise supplemental jurisdiction over Plaintiff's pendent state claims against Defendants. Since no claims remain against these Defendants over which I have original jurisdiction, the remaining state claims pursuant to the NMTCA substantially predominate over the federal claims. While I am not precluded from exercising supplemental jurisdiction over the NMTCA claims, see Wojciechowski v. Harriman, 607 F. Supp. 631 (D.N.M. 1985), the New Mexico legislature has expressed a preference that actions brought pursuant to this Act be brought in state district court. See NMSA § 41-4-18 (Repl. Pamp. 1996). Moreover, the state courts have not directly addressed whether there is waiver of immunity for "outrage" under the law enforcement exception to the NMTCA. As such, I will dismiss the remaining state claims without prejudice so the state court may decide the issue in the first instance.

Wherefore,

IT IS ORDERED that Defendants' motion to dismiss be, and hereby is, **granted in part**. Plaintiff's § 1983 claim against Defendants is dismissed.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1367(c)(1), (2) and (3) supplemental jurisdiction over Plaintiff's pendent state claims against Defendants is declined and those claims are hereby dismissed without prejudice. There being no further matter at issue, this case is dismissed in its entirety.

DATED this 12th day of June, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:	Herbert M. Silverberg
	Albuquerque, New Mexico

Counsel for Defendants:	Stephen G. French
	Albuquerque, New Mexico